IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HIGHTOWER<br>1500 N Page Street<br>Philadelphia, PA 19121<br>and<br>TERRANCE JONES<br>332 W. Logan Street<br>Philadelphia, PA 19144<br>and<br>RASHAUN WILLIAMS<br>322 W 21st Street<br>Chester, PA 19013<br>and<br>DAMON STOKES<br>2535 Lindsay Street<br>Chester, PA 19013<br>and<br>MARCUS MOORE<br>2516 S 62nd Street<br>Philadelphia, PA 19142<br>and<br>LAMARR MCINTOSH<br>3813 Mt. Vernon Street<br>Philadelphia, PA 19104<br><br>      Plaintiffs,<br><br>v.<br><br>SUBURBAN WASTE SERVICES, INC.<br>3000 Industrial Hwy<br>Eddystone, PA 19022<br>and<br>SUBURBAN WASTE SERVICES OF<br>DELAWARE, INC.<br>c/o Harvard Business Services, Inc.<br>16192 Coastal Highway<br>Lewes, DE 19958<br><br>      Defendants. | CIVIL ACTION<br><br>No. _____<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiffs, by and through their undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiffs have initiated this action to redress violations Defendants for violations of 42 U.S.C. §1981.[1] Plaintiffs pursue the instant claims asserting that Defendants terminated African-American employees as part of an alleged "layoff", but in actuality non-black employees were hired as effective replacements. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

### II. Jurisdiction and Venue

2. This action is initiated pursuant to 42 U.S.C. § 1981. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

3. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States.

4. Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and

---

[1] The above-captioned Plaintiffs have also filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). Plaitniffs intended to amend the instant Complaint if and when such charges become administratively exhausted with their respective agencies. Plaintiffs' EEOC and PHRC claims will mirror their § 1981 claims as set forth herein.

2

because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiffs are adult individuals with addresses as set forth above.

7. Defendants Suburban Waste Services, Inc. and Suburban Waste Services of Delaware, Inc. (collectively referred throughout this Complaint as "Defendants") are separate legal business entities that jointly operate, manage and/or own a trash/refuse removal service.

8. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

9. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

### IV. Factual Background

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. The actions underlying the instant lawsuit took place primarily in or about late 2015 / early 2016.

12. There are six (6) Plaintiffs in the instant lawsuit, and all six (6) Plaintiffs are black, African-American individuals.

13. All six (6) Plaintiffs worked for Defendants in or about late 2015.

14. Plaintiffs Robert Hightower and Lamarr McIntosh worked for Defendants as Drivers while Plaintiffs Damon Stokes, Rashaun Williams, Terrance Jones, and Marcus Moore worked for Defendants Throwers/Helpers.

15. The Plaintiffs worked for Defendants for varying amounts of time between several months at the shortest and approximately three (3) years at longest.

16. On or about January 8, 2016, Defendants terminated all of the Plaintiffs' employment.

17. In addition to the six (6) Plaintiffs' who were terminated, there were approximately 1-2 additional African-American employees who Defendants terminated on or about January 8, 2016.

18. Defendants claimed that the individuals (including Plaitniffs) who were terminated on or about January 8, 2016 were laid off for lack of work.

19. No Caucasian employees were terminated or laid off at the time that Defendants terminated Plaintiffs' employment with Defendants.

20. In fact, several Caucasian employees who had less seniority than Plaintiffs were permitted to retain their employment and were not terminated or laid off like Plaintiffs'.

21. None of the six (6) Plaintiffs in the instant case engaged in any misconduct, had more seniority than other non-black employees who had been hired in the previous months, and they were solely terminated based upon their race.

22. Following the hiring of non-black employees throughout 2015 and the termination of approximately 7-8 African-American employees (including Plaintiffs), Defendants maintained a majority non-black staff with few exceptions (representing a statistically disproportionate number of black employees working at said location).

## Count I
## Violations of 42 U.S.C. § 1981
### (Racial Discrimination)
### - Against Both Defendants -

23. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

24. All six (6) Plaintiffs were terminated solely because of their race.

25. Defendants' actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendants are to compensate Plaintiffs, reimburse Plaintiffs, and make Plaintiffs whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, and any other employment benefits. Plaintiffs should be accorded those benefits illegally withheld from the date they first suffered the aforesaid unlawful actions at the hands of Defendants until the date of verdict;

B. Plaintiffs are to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their wilful, deliberate, malicious and outrageous conduct, and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiffs are to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

D. Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Any verdicts in favor of Plaintiffs are to be molded by the Court to maximize the financial recovery available to Plaintiffs in light of the caps on certain damages set forth in applicable federal law;

F. Plaintiffs' claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KARPF, KARPF, & CERUTTI, P.C.

By: _____
Ari R. Karpf
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: April 11, 2016

6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ROBERT HIGHTOWER, ET AL. | : | CIVIL ACTION |
| v. | : | |
| SUBURBAN WASTE SERVICES, INC., ET AL. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 4/12/2016 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: See attached sheet

Address of Defendant: 3000 Industrial Hwy, Eddystone, PA 19022 & 16192 Coastal Hwy, Lewes, DE 19958

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/12/2016   _____   ARK2484
             Attorney-at-Law         Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/12/2016   _____   ARK2484
             Attorney-at-Law         Attorney I.D.# 91538

CIV. 609 (5/2012)

**Plaintiff Addresses**

ROBERT HIGHTOWER
1500 N Page Street
Philadelphia, PA 19121

TERRANCE JONES
332 W. Logan Street
Philadelphia, PA 19144

RASHAUN WILLIAMS
322 W 21st Street
Chester, PA 19013

DAMON STOKES
2535 Lindsay Street
Chester, PA 19013

MARCUS MOORE
2516 S 62nd Street
Philadelphia, PA 19142

LAMARR MCINTOSH
3813 Mt. Vernon Street
Philadelphia, PA 19104

*⹀JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ROBERT HIGHTOWER, et al.

(b) County of Residence of First Listed Plaintiff: Philadelphia

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
SUBURBAN WASTE SERVICES, INC., et al.

County of Residence of First Listed Defendant: Delaware

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42USC1981
Brief description of cause:
Violations of 42USC1981

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE
DOCKET NUMBER

Explanation:

4/12/2016
DATE

SIGNATURE OF ATTORNEY OF RECORD

[ Print ]  [ Save As... ]  [ Export as PDF ]  [ Retrieve PDF File ]  [ Reset ]